IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSEPH WOODS, Petitioner, | § § § |
| VS. | § CIVIL ACTION NO. H-08-2835 |
| NATHANIEL QUARTERMAN, Respondent. | § § § § |

**MEMORANDUM AND OPINION**

Petitioner, Joseph Woods, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a conviction in the 228th Judicial District Court of Harris County, Texas. Respondent filed a motion for summary judgment, (Docket Entry No. 13), and copies of the state court record. (Docket Entry Nos. 9 & 19). Woods has filed his response. (Docket Entry No. 18). After consideration of the motion and response, the record, and applicable authorities, the court grants respondent's motion. The reasons for this ruling are stated below.

**I.  Background**

A jury found Woods guilty of the felony offense of aggravated robbery. (Cause Number 1028563). Woods pleaded true to the enhancement paragraphs relating to two prior convictions. (Reporter's Record, Vol. VI, pp. 12-13). On February 24, 2006, the jury sentenced Woods to thirty-five years imprisonment. The Fourteenth Court of Appeals of Texas affirmed Woods's conviction on February 15, 2007. *Woods v. State*, No. 14-06-00181-CR, 2007 WL 470471 (Tex. App. -- Houston [14th Dist.] 2007, pet. ref'd)(not designated for publication). The Texas Court of Criminal Appeals refused Woods's petition for discretionary review on August 22, 2007. Woods filed an application for state habeas corpus relief on February 25, 2008, which the Texas Court of Criminal

Appeals denied without written order, on findings of the trial court, without a hearing on June 4, 2008. *Ex parte Woods*, Application No. 69,988-01 at cover.

On September 17, 2008, this court received Woods's federal petition. Woods contends that his conviction is void for the following reasons:

(1)     Trial counsel, James Tucker Graves, rendered ineffective assistance by failing to object to the amended indictment which denied Woods ten additional days to prepare for trial; and

(2)     The trial court abused its discretion when the court denied Woods's motion for a mistrial based on the amended indictment.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 7-7A).

## II.     The Applicable Legal Standards

This court reviews Woods's petition for writ of habeas corpus under the federal habeas statutes as amended by the Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2254; *Woods v. Cockrell*, 307 F.3d 353, 356 (5th Cir. 2002); *Nobles v. Johnson*, 127 F.3d 409, 413 (5th Cir. 1997), citing *Lindh v. Murphy*, 521 U.S. 320 (1997).

Subsections 2254(d)(1) and (2) of AEDPA set out the standards of review for questions of fact, questions of law, and mixed questions of fact and law that result in an "adjudication on the merits." An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case is substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

In ruling on a motion for summary judgment, this court views the evidence through "the prism of the substantive evidentiary burden." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254

(1986). The court must look "through the prism of AEDPA deference." *Ward v. Dretke*, 420 F.3d 479, 499 (5th Cir. 2005).

> The AEDPA provides as follows, in pertinent part:
>
> > (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> > (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

A state-court determination of questions of law and mixed questions of law and fact is reviewed under 28 U.S.C. § 2254(d)(1) and receives deference unless it "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state-court decision is "contrary to" Supreme Court precedent if: (1) the state court's conclusion is "opposite to that reached by [the Supreme Court] on a question of law" or (2) the "state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. *Williams v. Taylor*, 120 S. Ct. 1495 (2000). A state court unreasonably applies Supreme Court precedent if: (1) it unreasonably applies the correct legal rule to the facts of a particular case; or (2) it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context

where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 1495. In deciding whether a state court's application was unreasonable, this court considers whether the application was "objectively unreasonable." *Id.* at 1495; *Penry v. Johnson*, 215 F.3d 504, 508 (5th Cir. 2000). Questions of fact found by the state court are "presumed to be correct . . . and [receive] deference . . . unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill,* 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)).

Pure questions of fact are governed by § 2254(d)(2). *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). In addition, a state court's factual findings are entitled to deference on federal habeas corpus review and are presumed correct under 28 U.S.C. § 2254(e)(1), unless the petitioner rebuts those findings with "clear and convincing evidence." *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citing *Hughes v. Dretke*, 412 F.3d 582, 589 (5th Cir. 2005) and 28 U.S.C. § 2254(e)(1)). This deference extends not only to express findings of fact, but to the implicit findings of the state court as well. *Garcia*, 454 F.3d at 444-45 (citing *Summers v. Dretke*, 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004)).

While, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," *Clark v. Johnson,* 202 F.3d 760, 764 (5th Cir.), *cert. denied,* 531 U.S. 831 (2000), the rule applies only to the extent that it does not conflict with the habeas rules. Section 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. Unless the petitioner can "rebut[ ] the presumption of correctness by clear

and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002).

Woods is a *pro se* petitioner. In this circuit *pro se* habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as are pleadings filed by lawyers. *See Martin v. Maxey,* 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh,* 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This court accords Woods's state and federal habeas petitions a broad interpretation. *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir. 1999).

### III. The Claim of Ineffective Assistance of Trial Counsel

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687.

In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. *Id.* at 686-689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of

counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (Citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. *Id.* at 695-97.

To show prejudice, it must be demonstrate that there is a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different and that counsel's errors were so serious as to deprive him of a trial with a reliable result. *Strickland*, 466 U.S. at 687; *Lamb v. Johnson*, 179 F.3d 352, 359 (5th Cir. 1999). "Specifically, [a litigant] must show a 'reasonable probability' that the jury would have otherwise harbored a reasonable doubt concerning guilt." *Emery v. Johnson*, 139 F.3d 191, 196 (5th Cir. 1998). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Williams v. Taylor*, 529 U.S. 363, 391 (2000) (quoting *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "[E]ven 'professionally unreasonable' errors by counsel do not warrant setting aside a conviction if the error had no effect on the judgment." *Larsen v. Maggio*, 736 F.2d 215, 217 (5th Cir. 1984).

Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687.

Woods complains that counsel failed to object to the amendment of the indictment. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 7). Woods states that on November 3, 2005, the Harris County District Attorney filed a motion for leave to amend the indictment to change the name of the complaining witness. In the original indictment, Gay Palmer was the complaining witness. (Clerk's Record, Vol. I, p. 6). Gay Palmer was the wife of Minter Palmer. The amended indictment named Minter Palmer as the complaining witness. (*Id.* at 6). On that same day, the trial court granted the State's motion to amend the indictment. (*Id.* at 12). Woods explains that his trial began four months later on February 20, 2006. Prior to sentencing, Woods asked counsel to lodge an objection to the prosecutor's motion to amend the indictment. Woods argues his counsel did not know that the State had filed a motion for leave to amend indictment, or that the court had granted the motion. (Docket Entry 18, Petitioner's Response, p. 2). Woods argues that the name of the complaining witness is a matter of substance and that the State's changing of the complainant's name altered the evidence needed to prove the offense.

Woods presented this claim in his state application for post-conviction relief. The state habeas court found: "Applicant fails to show that he was harmed by counsel's failure to object to State's motion to amend indictment." *Ex parte Woods,* Application No. 69,988-01 at 83.

The record shows that the trial court granted the State's motion to amend the indictment on November 3, 2005. (Clerk's Record, Vol. I, p. 12). Woods's trial began on February 20, 2006. (*Id.* at 68). Woods had over three months to prepare for trial. Assuming arguendo that counsel rendered ineffective assistance by failing to object to the motion to amend the indictment, Woods has not shown any prejudice. The record shows that counsel, on Woods's urging, later moved for a mistrial on the ground that he did not receive notice of the amendment and ten days to prepare for trial.

(Reporter's Record, Vol. VI, p. 11). The trial court overruled that motion. (*Id.*). The objections Woods asserts his counsel should have raised would have been futile. Counsel cannot be deficient for failing to press a frivolous point. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990); *Green v. Johnson*, 160 F.3d 1029, 1036-37 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999)(citing *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995)). The state habeas court concluded that Woods had received reasonably effective assistance of counsel. *Ex parte Woods,* Application No. 69,988-01 at 83. The Court of Criminal Appeals expressly based its denial of habeas relief on this finding. These credibility determinations are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1); *Moore v. Johnson*, 194 F.3d 586, 604 (5th Cir. 1999) (op. on reh'g). Woods has not produced clear and convincing evidence to rebut this finding.

Decisions on the presentation of evidence and witnesses are essentially strategic. Counsel is entitled to a presumption that his performance was adequate. At trial, the State presented the testimony of both Gay and Minter Palmer, a couple in their early eighties, who were robbed on May 26, 2005. The couple advertised a recreational vehicle for sale; Woods, who was a tall black male, and a young Hispanic male came to the Palmer's house to look at the recreational vehicle; Woods asked for a glass of water; he followed Gay Palmer into the house; he threatened her with a shotgun and demanded her jewelry; she complied by putting the jewelry into pillow cases; Minter Palmer came into the house; Woods threatened Minter Palmer with the gun and took the money from his wallet; Woods and his companion stole the Palmer's vehicle; Woods was later apprehended in the stolen vehicle; and the Palmer's jewelry was found in the stolen vehicle.

There is no basis other than speculation to support Woods's argument that the outcome of the trial would have been different had counsel had ten additional days to prepare for trial. Counsel

was familiar with the facts of the case, and he rigorously cross-examined the two complaining witnesses concerning their opportunity to observe Woods during the robbery; whether Woods may have left fingerprints in the house during the robbery; and their ability to identify Woods during a photographic lineup. Woods has not explained why the jury would have reached a different result had counsel objected to the amended indictment and received ten additional days to prepare for trial.

The state court's decision as to the effective assistance of counsel reasonably applied the law to the facts, consistent with clearly established federal law. Woods has not shown a basis for the relief he seeks. 28 U.S.C. § 2254(d)(1).

### IV.  The Claim Based on Trial Court Error

In his second ground, Woods contends that the trial court erred in overruling his objection to the amendment of the indictment. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 7). The respondent argues that Woods's second ground for federal habeas relief is procedurally barred. (Docket Entry No. 13, Respondent's Motion for Summary Judgment, p. 13).

A federal habeas court "will not consider a claim that the last state court rejected on the basis of an adequate and independent state procedural ground." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991)). In this case, the state habeas court explicitly found that:

> 4.  Applicant's allegation that the trial court erred in denying his motion for a mistrial is a record claim that should have been raised on direct appeal and habeas proceedings should not be used to litigate issues. Ex parte Goodman, 816 S.W.2d 383, 385 (Tex. Crim. App. 1991); Ex parte Groves, 571 S.W.2d 888, 890 (Tex. Crim. App. 1978).

*Ex parte Woods,* Application No. 69,988-01 at 83, Finding #4.

The aforementioned statement, with its citation to the *Goodman* procedural bar, constitutes a clear and express holding by the Texas habeas court that Woods's federal trial court error claim is procedurally barred under Texas law. *Prieto v. Quarterman*, 292 Fed. Appx. 372, 2008 WL 4218822 (5th Cir. 2008). Furthermore, Woods makes no effort in his briefs to argue that the *Goodman* procedural rule is not adequate or independent.

It is well settled under Texas jurisprudence that the writ of habeas corpus should not be used to litigate matters which should have been raised on direct appeal. *Ex parte Goodman*, 816 S.W.2d 383, 385 (Tex. Crim. App. 1991). The federal courts recognize Texas's procedural default rule concerning the requirements that record claims must be raised on direct appeal. *Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005). Because Woods did not raise such claims on direct appeal and the last court to consider such claims expressly and unambiguously based its denial of relief on a state procedural default, his trial court error claim is barred absent a showing of cause and prejudice or a fundamental miscarriage of justice.

The court will consider procedurally defaulted claims if the prisoner can show cause to overcome the default. Such cause is shown where "the prisoner can demonstrate actual prejudice as a result of the alleged violation of federal law," or where it would work "a fundamental miscarriage of justice," *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). However, in this case Woods has addressed neither the issue of procedural default nor the issue of cause to overcome the default. Therefore, habeas review is foreclosed. *See Busby*, 359 F.3d at 718 (finding a review foreclosed where "the state habeas court expressly stated that [petitioner's] claim was procedurally barred because he did not raise it on direct appeal").

Woods's second ground for federal habeas relief based on trial court error is procedurally-barred.

## V. Conclusion

Respondent's Motion for Summary Judgment, (Docket Entry No. 13), is GRANTED. Woods's petition for a writ of habeas corpus is DENIED. This case is DISMISSED. Any remaining pending motions are DENIED as moot.

The Supreme Court has stated that the showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). Where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. 484.

This court denies Woods's petition after careful consideration of the merits of his constitutional claims. This court denies a COA because Woods has not made the necessary showing for issuance. Accordingly, a certificate of appealability is DENIED.

SIGNED at Houston, Texas, on Aug 10, 2009.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE